IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$44,759.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | Civil Action No. 2:23-CV-1110 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1. This is a civil action *in rem* for forfeiture to the United States of $44,759.00 in United States currency, delineated by asset identification number 23-DEA-698503, (the "Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. §§ 1395 and 1355(b).

3. The Drug Enforcement Administration ("DEA") obtained information regarding Dennis Tate ("Tate"), indicating that Tate and others were part of a Drug Trafficking Organization ("DTO"). On December 15, 2022, law enforcement executed a Federal Search Warrant at the residence known and numbered as 535 Blaine Avenue, Canonsburg, Pennsylvania (the "Residence").

4. Present during the execution of the federal search warrant were the targets of law enforcement investigation, Tate, along with Deangelo Perkins ("D. Perkins"), and Beverly Perkins ("B. Perkins").

5. During the search of the Residence, investigators recovered two firearms, a clear knotted baggie containing approximately 54 grams of suspected cocaine, multiple pills with numeric markings, multiple Suboxone strips contained in Newport cigarette pack, suspected marijuana, miscellaneous documents and electronics, and the Defendant Currency.

6. The quantity of suspected cocaine recovered, the presence of multiple suspected prescription pills without a valid prescription, the recovery of firearms, and a large sum of U.S. currency is consistent with individuals possessing the drugs with the intent to distribute them.

7. Throughout the Residence, law enforcement also recovered the Defendant Currency, which consisted of $17,300.00 located in the upstairs bedroom; $3,133.00, $680.00, and $389.00 located on the stairway landing to the basement; $956.00 recovered from the person of Tate; $2,446.00 located in the living room of the Residence; $18,355.00 in a room located under the stairs; and $1,500.00 located under the stairs.

8. Following the search of the Residence, law enforcement took custody of the Defendant Currency.

9. The Defendant Currency was comprised of the following denominations: (131) $100 dollar bills; (300) $50 dollar bills; (611) $20 dollar bills; (89) $10 dollar bills; (166) $5 dollar bills; (7) $2 dollar bills; (2,705) $1 dollar bills.  Narcotics traffickers are known to use low-denomination currency, and, in particular, $20 dollar bills, to conduct their business.

10. Based on the above circumstances, investigators determined that the Defendant Currency was intended to be furnished in exchange for a controlled substance and/or represented proceeds of unlawful drug transactions.

11. The Defendant Currency was seized by investigators pursuant to 21 U.S.C. § 881(a)(6).

12. Following the seizure, DEA instituted administrative forfeiture proceedings against the Defendant Currency. Beverly Perkins and Dennis Tate filed independent claims for the Defendant Currency during the administrative forfeiture proceedings. As a result, the United States has instituted this civil forfeiture action against the Defendant Currency.

13. Based on the foregoing, the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) since it constitutes moneys furnished or intended to be furnished in exchange for a controlled substance and/or proceeds traceable to such an exchange and/or moneys used or intended to be used to facilitate any such violation of the Controlled Substances Act.

WHEREFORE, the United States of America respectfully requests that process of warrant *in rem* issue for the arrest of the Defendant Currency; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Currency; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

By:    */s/ Jill L. Locnikar*
JILL L. LOCNIKAR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412)894-7429
(412)644-6995 (fax)
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

## VERIFICATION

I am a Special Agent with the Drug Enforcement Administration, and the officer assigned the responsibility for this case. I have read the contents of the foregoing complaint for forfeiture, and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of June 2023.

_____
Thomas M. Cielecy, Special Agent
Drug Enforcement Administration